UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JEAN MARIE PRINGLE,

                                                                         DECISION AND ORDER

                              Plaintiff,

                                                                         19-CV-0724L

                 v.

ANDREW SAUL,
Commissioner of Social Security,

                              Defendant.
_____

       Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. § 405(g) to review the Commissioner's final determination.

       On March 2, 2016, plaintiff filed an application for a period of disability and disability insurance benefits, alleging an inability to work since October 9, 2015. Her application was initially denied. Plaintiff requested a hearing, which was held on May 17, 2018 via videoconference before Administrative Law Judge ("ALJ") Theodore Kim. (Administrative Transcript, Dkt. #5 at 15). The ALJ issued a decision on September 10, 2018, concluding that plaintiff was not disabled under the Social Security Act. (Dkt. #5 at 15-29). That decision became the final decision of the Commissioner when the Appeals Council denied review on April 8, 2019. (Dkt. #5 at 1-3). Plaintiff now appeals.

       The plaintiff has moved for judgment remanding the matter for further proceedings (Dkt. #10), and the Commissioner has cross moved for judgment on the pleadings (Dkt. #13), pursuant

to Fed. R. Civ. Proc. 12(c). For the reasons set forth below, the plaintiff's motion is granted, the Commissioner's cross motion is denied, and the matter is remanded for further proceedings.

## DISCUSSION

### I.     Relevant Standards

Determination of whether a claimant is disabled within the meaning of the Social Security Act requires a five-step sequential evaluation, familiarity with which is presumed. *See Bowen v. City of New York*, 476 U.S. 467, 470-71 (1986). The Commissioner's decision that a plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ applied the correct legal standards. *See* 42 U.S.C. § 405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

### II.    The ALJ's Decision

Here, the ALJ found that the plaintiff has the following severe impairments, not meeting or equaling a listed impairment: obesity; cervical degenerative disc disease with stenosis (narrowing of spinal spaces), neuropathy (nerve pain), and radiculitis (inflammation of the spinal nerve root); left elbow epicondylitis (tennis elbow); bilateral carpal tunnel syndrome; bilateral cubital tunnel syndrome (radial tunnel syndrome); and bilateral synovitis and tenosynovitis (inflammation of tendons and connective tissue). (Dkt. #5 at 18).

After summarizing the evidence of record, the ALJ determined that plaintiff retains the residual functional capacity ("RFC") to perform light work, except that plaintiff must be allowed to change between sitting and standing for five minutes after every 30 minutes of sitting or standing, while remaining on task. She can frequently operate hand controls, reach, handle, finger, and feel with both upper extremities. She can occasionally push, pull or operate foot controls with both lower extremities. She can occasionally kneel, crouch, stoop, balance, crawl, and climb stairs

and ramps. She can never climb ladders, ropes, or scaffolds, or be exposed to unprotected heights and moving mechanical parts. She can tolerate occasional exposure to vibration, and no exposure to strobe lights, flashing lights, or bright lights such as those found on a theatre stage. Plaintiff requires a "moderate" noise work environment, and can no more than occasionally deal with changes in a routine work setting. She will be off-task for 10% of the workday. (Dkt. #5 at 15-16).

When asked at the hearing whether there were jobs in the economy that a person with this RFC could perform, vocational expert Aimee Spinelli testified that such an individual could not perform plaintiff's past relevant work as a surgical assistant, director of vocational training, or vocational training instructor. However, she could perform the representative light positions of mail room clerk, office helper and routing clerk. (Dkt. #5 at 27-28).

**III.    The Medical Opinions of Record**

The ALJ's decision made very detailed findings with respect to plaintiff's RFC, with some reference to plaintiff's medical records and findings upon examination. However, upon review, I find that the record upon which his decision was based is incomplete and inadequate, and as such, the matter must be remanded for the purpose of gathering additional medical opinion evidence.

"Because a hearing on disability benefits is a non-adversarial proceeding, the ALJ generally has an affirmative obligation to develop the administrative record." *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996). The record in this case contained treatment and surgical records establishing a variety of diverse and severe impairments related to plaintiff's cervical spine, arms, and hands. As such, a thorough assessment and understanding of plaintiff's exertional limitations, with particular focus on her ability to perform postural activities, and to perform activities with her arms and hands, was necessary in order to reach a disability determination supported by substantial evidence.

The record contained multiple opinions (some in the form of excerpts from treatment notes and/or correspondence which incidentally opine as to functional limitations, or more generally, plaintiff's ability to work) from treating and examining physicians. These included the opinions of treating acupuncturist Dr. Herbert Lau (Dkt. #5 at 416, 421); treating orthopedist Dr. Zair Fishkin (Dkt. #5 at 329-33, 576-80), and consulting family physician Dr. David Bauer (Dkt. #5 at 440-44). The ALJ gave each of these opinions "little" or "limited" weight, variously citing their apparent reliance on plaintiff's subjective complaints, tendency to opine in conclusory fashion on the ultimate issue of disability, and/or alleged inconsistency with other evidence of record. (Dkt. #5 at 25-26).

The ALJ's rejection of all of the medical opinion evidence of record created a clear evidentiary gap, and resulted in a highly detailed and complex RFC finding that was unmoored from any medical opinion or other objective assessment, and instead was based solely upon the ALJ's improper layperson interpretation of "raw data" in the record. *See Bailey v. Commissioner*, 2020 U.S. Dist. LEXIS 128280 at *19 (W.D.N.Y. 2020) (an ALJ's use of lay judgment to formulate an RFC is reversible error, and requires remand "so that the ALJ can develop the medical record and ground the physical RFC determination in a medical opinion or opinions in the record").

In light of the gap in the record, the ALJ should have attempted to obtain additional RFC reports from treating physicians which specifically assessed plaintiff's exertional and postural limitations, and failing that, should have obtained a reliable and "conclusive determination from a medical consultant" who was able to review the record and perform an in-person evaluation. *Falcon v. Apfel*, 88 F. Supp. 2d 87, 90 (W.D.N.Y. 2000). *See generally* 20 C.F.R. §404.1519a(b)(4) (an ALJ must order a consultative examination when a "conflict, inconsistency, ambiguity or insufficiency in the evidence must be resolved"). The ALJ's failure to complete the record, and/or

to support his RFC determination with substantial evidence rather than speculative interpretations of raw medical data, is reversible error: remand for further development of the record is therefore necessary. *See Falcon*, 88 F. Supp. 2d 87 at 90; *Bailey*, 2020 U.S. Dist. LEXIS 128280 at *19.

## CONCLUSION

For the foregoing reasons, plaintiff's motion for judgment on the pleadings (Dkt. #10) is granted, and the Commissioner's cross-motion (Dkt. #13) is denied.

The Commissioner's decision that plaintiff was not disabled is reversed, and the matter is remanded for further proceedings. Upon remand, the Commissioner is instructed to request RFC reports from plaintiff's treating source(s), and/or to order consultative examinations, sufficient to permit the redetermination of plaintiff's RFC and disability status upon a full and complete record.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
August 12, 2020.